IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO FIRE FIGHTERS UNION, LOCAL 2, <br><br> Plaintiff, <br><br> v. <br><br> LT. ROBERT TEBBENS, LT. THOMAS CODY, DANIEL FORTUNA, THOMAS RYAN, DAVID QUINTAVALLE, LT. JOEL BURNS, PETER O'SULLIVAN, LT. PAUL STAMPER, PETER HOULIHAN, and MARC J. MCDERMOTT, Individually and in Their Capacities as Officers and Members of Chicago Fire Department Union Local 2, and INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, HAROLD A. SCHAITBERGER, LOUIE WRIGHT, JOSEPH CONWAY and DANNY TODD, Individually and in Their Capacities as Officers and Members of the International Association of Fire Fighters, <br><br> Defendants. | No. 07 C 2102 <br><br> Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

John Chwarzynski, president of the Chicago Fire Fighters Union Local 2 ("Union"), has filed suit on behalf of the Union against ten of the members of its Executive Board ("the Executive Board defendants"), and the International Association of Fire Fighters and four of its officers ("IAFF defendants") for their alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), federal labor laws and state tort laws. The defendants have filed motions pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(6) and 17 to dismiss the

claims asserted against them.[1] For the reasons set forth below, the Court grants the Executive Board defendants' Rule 17 motion and grants in part and denies in part the Rule 12(b)(6) motions of both the Executive Board and the IAFF defendants.

## Facts

The Union is "comprised of virtually all of the City [of Chicago's] full time employee-fire fighters" and is their exclusive agent for bargaining with the City. (Compl. ¶ 7.) When the complaint was filed, John W. Chwarzynski was the Union's president. (*Id.* ¶ 6.) Defendants Tebbens, Cody, Fortuna, Ryan, Quintavalle, Burns, O'Sullivan, Stamper, Houlihan and McDermott are members of the Union's Executive Board. (*Id.* ¶ 8.) Defendant IAFF is an association of fire fighter unions to which the Union belongs. (*Id.* ¶ 9.) Defendants Schaitberger, Wright, Conway and Todd are officers of the IAFF. (*Id,* Preamble.)

Plaintiff alleges that the Executive Board defendants, among other things, misappropriated money from the Union by submitting false expense reimbursement requests. (*Id.* ¶¶ 27-110.) Plaintiff also alleges that the IAFF defendants conspired with the Executive Board defendants to permit and conceal the misappropriation by refusing to act on charges filed by Chwarzynski against defendant Tebbens and by prosecuting false charges filed by the Executive Board defendants against Chwarzynski. (*Id.* ¶¶ 111-147.) Plaintiff contends that defendants' actions violate RICO, federal labor laws and state tort laws.

---

[1] The IAFF defendants also invoke Rule 12(b)(1), but because their arguments do not implicate the Court's subject matter jurisdiction, the Court analyzes their motion solely under Rule 12(b)(6).

2

## Discussion

### Rule 17 Motion

The Executive Board defendants contend that Rule 17 requires dismissal of this suit because Chwarzynski does not have the authority to prosecute it on behalf of the Union. *See* Fed. R. Civ. P. 17(a) (stating that "[e]very action shall be prosecuted in the name of the real party in interest"). The Court agrees. The Union may have implicitly authorized Chwarzynski, as its president, to file this suit by vesting him with the authority to interpret its by-laws (*see* Executive Board Defs.' Mot. Dismiss of 4/24/07, Ex. A, By-Laws, Art. VI, Sec. 3A (stating that the Union president "shall interpret [the by-laws] and decide any disputes or controversies concerning their meaning or application which shall be appealed to him"), which are silent on the topic of litigation. Even if that is true, however, the by-laws do not render the president's interpretations absolute. Rather, they state that his interpretations "shall be final and binding unless changed on further appeal to the Executive Board or pursuant to International Association of Fire Fighters' Constitution & By-Laws." (*Id.*)

> On April 19, 2007, the Executive Board adopted a motion that states:
>
> Chwarzynski is hereby directed and instructed to cause the immediate withdrawal and dismissal of the lawsuit, and . . . to immediately instruct attorney James Maher to take all steps to cause the lawsuit to be withdrawn and dismissed.
>
> Chwarzynski is hereby directed and instructed to refrain from commencing any other legal proceeding in the name of Chicago Fire Fighters Union Local No. 2 without first seeking and securing authorization and approval from the Executive Board of Local No. 2.

(*See* Executive Board Defs.' Mot. Dismiss of 4/24/07, Ex. C, 4/19/07 Mot. & Ex. D, 4/19/07 Poll.) Thus, even if Mr. Chwarzynski was authorized to file this suit, his authority to prosecute it

ended on April 19, 2007. Because the Union is not the real party in interest in this suit, the suit in its name must be dismissed.

However, Rule 17 also says that:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed . . . for . . . substitution of . . . the real party in interest; and such . . . substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Fed. R. Civ. P. 17(a). Thus, the Court gives Mr. Chwarzynski fourteen days from the date of this Memorandum Opinion and Order to substitute for the Union as plaintiff in this suit.

## **Rule 12(b)(6) Motions**

Even if Mr. Chwarzynski is deemed to be the plaintiff in this suit, defendants say the complaint must still be dismissed because it fails to state any viable claims. In evaluating the claims, the Court accepts as true the well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In Counts I-III, plaintiff alleges that defendants violated RICO sections 1962(c) and (d), which prohibit people from "conduct[ing] or participat[ing], directly or indirectly, in the conduct of [an enterprise that affects interstate commerce] through a pattern of racketeering activity" and from conspiring to do so. 18 U.S.C. § 1962(c), (d). To state a claim under section 1962(c), plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering

activity." *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 727 (7th Cir. 1998) (quotations omitted). To state a claim under section 1962(d), plaintiff must allege that "each defendant agreed to maintain an interest in or control of an enterprise or to participate in the affairs of an enterprise through a pattern of racketeering activity" and "further agreed that someone would commit at least two predicate acts to accomplish those goals." *Id.* at 732.

"A pattern of racketeering activity consists, at a minimum, of two predicate acts of racketeering committed within a ten-year time period." *Id.* at 728. One of the predicate acts defendants are alleged to have committed is embezzlement from a labor organization in violation of the Labor-Management Reporting and Disclosure Act ("LMRDA"). (Compl. ¶ 153); *see* 29 U.S.C. § 501(c) ("Any person who embezzles . . . any of the moneys . . . or other assets of a labor organization of which he is an officer, or by which he is employed, directly or indirectly, shall be fined not more than $10,000 or imprisoned for not more than five years, or both."). The LMRDA, however, explicitly excludes public employee unions from its coverage. *See* 29 U.S.C. § 402(e), (I). Thus, as a matter of law, defendants could not have violated section 501(c) of the LMRDA.

The second predicate act plaintiff says defendants committed is mail fraud. (Compl. ¶ 154.) The elements of mail fraud are: "(1) a scheme to defraud and (2) use of the mail for the purpose of executing, or attempting to execute, the scheme to defraud." *United States v. Koen*, 982 F.2d 1101, 1106 (7th Cir. 1992). The heightened pleading requirements of "Rule 9(b) appl[y] to allegations of mail and wire fraud and by extension to RICO claims that rest on predicate acts of mail and wire fraud." *Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1327 (7th Cir. 1994). To satisfy Rule 9(b), "plaintiff must, within reason, describe the time, place, and

content of the mail . . . communications" and "identify the parties to th[o]se communications." *Id.* at 1328. Plaintiff has alleged that defendants made various requests for time off or sent certain letters, but it does not allege that any, let alone each, request was mailed, when each was mailed, to whom each was mailed or describe their contents. Absent those allegations, plaintiff has not adequately charged defendants with mail fraud.

The last predicate act plaintiff claims defendants committed is embezzlement from a welfare or pension fund in violation of 18 U.S.C. § 664. (Compl., Count I ¶ 155.) That statute prohibits embezzlement from "any employee welfare benefit plan or employee pension benefit plan" that is "subject to any provision of title I of the Employee Retirement Income Security Act of 1974" ("ERISA"). 18 U.S.C. § 664. ERISA defines an "employee welfare benefit plan" as:

> any plan, fund, or program . . . established or maintained by an employer or by an employee organization . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).

29 U.S.C. § 1002(1). It defines a pension plan as "any plan, fund, or program which . . . is . . . maintained by an employer or by an employee organization . . . that . . . provides retirement income to employees, or . . . results in a deferral of income by employees for periods extending to the termination of covered employment or beyond . . . ." *Id.* § 1002(2). The Union, the entity from which plaintiff alleges defendants misappropriated funds, is not an ERISA plan. Plaintiff has not, therefore, alleged a violation of 18 U.S.C. § 664.

In short, plaintiff has failed to allege that defendants agreed to, or did, conduct the affairs of an enterprise through a pattern of racketeering activity. The RICO claims in Counts I-III are, therefore, dismissed.

In Count IV, plaintiff alleges that defendants violated a variety of federal labor laws, including 29 U.S.C. §§ 185, 411(a)(4), 412, 501(c) and 158(b)(6). Section 185 codifies the right of unions to sue in federal court for "violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce," but does not create any substantive rights. 29 U.S.C. § 185(a). Sections 411(a)(4), 412 and 501(c), which are provisions of the LMRDA, do not apply to labor organizations like the Union that represent only public sector employees. *See* 29 U.S.C. § 402(e), (I) (defining "labor organization" for LMRDA as "any organization of any kind . . . in which employees participate and which exists for the purpose . . . of dealing with employers" and excluding "any State or political subdivision thereof" from the definition of "employer" ); *see also Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) (per curiam) (noting that "[t]he circuit courts which have addressed the issue have uniformly held that the LMRDA does not apply to unions which represent only public sector employees."). Similarly, section 158(b)(6), which makes it an unfair labor practice for a union "to cause . . . an employer to pay . . . any money . . . for services which are not performed," excludes states and their political subdivisions from the definition of "employer." *See* 29 U.S.C. § 152(2). The Court can take judicial notice of the fact that the City is a political subdivision of the State of Illinois. *See* Fed. R. Evid. 201(b) (stating that Court can take judicial notice of a fact that is "not subject to reasonable dispute" because it is either "generally known within the

7

territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"). That fact, coupled with plaintiff's allegation that the Union is the fire fighters' exclusive agent for bargaining with the City (Compl. ¶ 7), establishes that he cannot state a viable claim for violation of sections 185, 411(a)(4), 412, 501(c) or 158(b)(6).

In Count V, plaintiff alleges that defendants violated the false claims act of the Chicago Municipal Code. That ordinance empowers private parties to "bring a civil action against a city contractor for [submitting a false claim] . . . . in the name of the city" but excludes from the definition of "city contractor" anyone "who is a city official or employee or was a city official or employee at the time of the alleged conduct." Chicago. Mun. Code §§ 1-22-010, 030 *available at*, http://www.amlegal.com/nxt/gateway.dll/Illinois/chicago_il/title1generalprovisions/chapter1-22falseclaims?f=templates$fn=altmain-nf.htm$q=%5Band%3Afalse%20claims%5D%20$x=server$3.0#LPHit1. Plaintiff has not filed the claim in the City's name and asserts it against the Executive Board defendants, who are not city contractors within the meaning of the ordinance. ( *See* Compl. ¶ 8 (alleging that the Executive Board Defendants are employees of the City).) Thus, plaintiff has not, and cannot, state a claim against defendants for violation of this ordinance.

In Count VI, plaintiff alleges that the Executive Board defendants breached their fiduciary duties to the Union by obtaining payment from it for expenses that were not related to union business. ( *See id.*, Count VI ¶ 148.) The Executive Board defendants' sole argument for dismissal of this claim is that plaintiff failed to allege that he exhausted administrative remedies

before filing suit. This argument is based on a provision of the IAFF Constitution and By-Laws submitted by the IAFF in support of its motion to dismiss. The Executive Board defendants acknowledge that matters outside of the pleadings are not usually considered on a motion to dismiss. They contend, however, that because plaintiff refers to the IAFF Constitution in the complaint and it is central to his claim, the Court may consider it in deciding their motion. *See Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

The Court disagrees. According to the complaint, the Executive Board's fiduciary duties arise from the Union's Constitution and By-Laws and its contract with the City, not the IAFF Constitution and By-Laws. (Compl., Count VI ¶ 148.) Because the breach of fiduciary duty claim against the Executive Board defendants, as plaintiff alleges it, does not depend on the IAFF Constitution, the Court has no basis for considering that document on this motion.

Plaintiff also alleges in Count VI that the IAFF defendants breached their fiduciary duties to him by dismissing the embezzlement charges he instituted against defendant Tebbens and proceeding with the false charges the Executive Board defendants instituted against him. (Compl., ¶¶ 124, 129; *id.*, Count VI, ¶ 150.) The IAFF defendants say that this claim should be dismissed because, given the infirmity of the federal claims, the Court has no basis for exercising supplemental jurisdiction over it.

The Court can decline to exercise supplemental jurisdiction if, among other reasons, it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). The Court has not, however, finally dismissed all of plaintiff's federal claims. Though no amendment can cure the Count IV claims, plaintiff can, at least in theory, salvage the RICO claims in Counts

9

I-III. Thus, at this point, the Court has no basis for declining to exercise supplemental jurisdiction over the breach of fiduciary duty claim plaintiff asserts against the IAFF defendants.

In Count VII, plaintiff alleges that all of the defendants are liable for common law fraud. The Executive Board defendants do not offer any argument for dismissing this claim, and the IAFF defendants offer only the supplemental jurisdiction argument rejected above. Accordingly, the fraud claims in Count VII will stand.

### Conclusion

For all of the reasons set forth above, the Court grants the Executive Board defendants' motion to dismiss pursuant to Rule 17 [doc. no. 8] and grants in part and denies in part the Executive Board defendants' and the IAFF defendants' Rule 12(b)(6) motions to dismiss [doc. nos. 13, 22 & 26]. The motions are granted as to Counts I-III, which are dismissed without prejudice, and Counts IV and V, which are dismissed with prejudice. In all other respects the motions are denied. Mr. Chwarzysnki has fourteen days from the date of this Memorandum Opinion and Order to substitute for the Union as plaintiff in this suit and amend his claims in accordance with this Order. If he fails to do so within that period, this suit will be dismissed with prejudice.

SO ORDERED.                    ENTERED: 9/28/07

HON. RONALD A. GUZMAN
**United States District Judge**