IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN CHWARZYNSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LT. ROBERT TEBBENS, LT. THOMAS | ) | |
| CODY, DANIEL FORTUNA, THOMAS | ) | |
| RYAN, DAVID QUINTAVALLE, LT. | ) | No. 07 C 2102 |
| JOEL BURNS, PETER O'SULLIVAN, | ) | |
| LT. PAUL STAMPER, PETER HOULIHAN, | ) | |
| and MARC J. MCDERMOTT, Individually | ) | Judge Ronald A. Guzmán |
| and in Their Capacities as Officers and | ) | |
| Members of Chicago Fire Department | ) | |
| Union Local 2, and INTERNATIONAL | ) | |
| ASSOCIATION OF FIRE FIGHTERS, | ) | |
| HAROLD A. SCHAITBERGER, LOUIE | ) | |
| WRIGHT, JOSEPH CONWAY and | ) | |
| DANNY TODD, Individually and in Their | ) | |
| Capacities as Officers and Members of the | ) | |
| International Association of Fire Fighters, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On May 12, 2008, the Court granted defendants' motions for sanctions against plaintiff Chwarzynski and his counsel, James Maher III, pursuant to Federal Rule of Civil Procedure ("Rule") 11 and 28 U.S.C. § 1927 because Maher had asserted a variety of baseless claims and legal contentions and he and Chwarzynski both unreasonably multiplied and increased the cost of these proceedings. (*See* Minute Order of 5/12/08); Fed. R. Civ. P. 11(b)(1), (2), (c)(1); 28 U.S.C. § 1927. The question that remains is exactly what sanction should be imposed.

"The purpose of both Rule 11 and section 1927 is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them." *Kapco Mfg. Co., Inc. v. C & O Enter., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989) (per curiam) (citations omitted). An award of attorney's fees is a customary, but not mandatory, sanction. *See Johnson v. A.W. Chesterton Co.*, 18 F.3d 1362, 1366 (7th Cir. 1994) ("[T]he deterrent purpose of the [Rule11] should be served by imposing a sanction that fits the inappropriate conduct." (quotation omitted)); *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1187-88 (7th Cir. 1992) (stating that "a court may impose a penalty as light as a censure and as heavy as is justified" under section 1927 and Rule 11 (quotation omitted)).

Chwarzynski and Maher urge the Court to impose only a non-monetary sanction. Defendants urge the Court to award them all of the fees and costs they expended in defending this suit.

The Court declines to do either. Given the nature of their conduct, *i.e.*, "vigorously pursu[ing] this case for . . . nine months" after being told "both by defense counsel and the Court, that [it] could not be maintained in the Union's name and most of the claims asserted in it were legally unfounded" (Minute Order of 5/12/08 at 3), a non-monetary sanction would be insufficient to redress the harm Chwarzynski and Maher caused or deter them and others from engaging in such conduct in the future. On the other hand, requiring Chwarzynski and Maher to pay all of defendants' fees and expenses would be excessive. Though most of the claims were clearly unfounded, the Court denied defendants' motion to dismiss the breach of fiduciary duty and fraud claims asserted against them in Counts VI and VII and gave plaintiffs leave to try to "salvage the RICO claims in Counts I-III." (Mem. Op. & Order of 9/28/07 at 8-10.)

Chwarzynski voluntarily dismissed the suit before those claims were decided on their merits. Because it is possible that those claims had merit and requiring Chwarzynski and Maher to pay all of defense counsels' fees and costs might chill their and others' pursuit of David-versus-Goliath claims, the Court will not require them to do so.

On balance, given: (1) the purpose of Rule 11 and section 1927 sanctions; (2) Chwarzynski and Maher's conduct; (3) Maher's status as a sole practitioner and his apparent inexperience in federal litigation; (4) the fact that the suit arose from disputes between the president and the board of a local union whose members have, in the last twenty years, engaged in an almost continual effort to remove whomever they elect as their president (*see* Fran Spielman, *Chicago Firefighters, Union Leader Clash,* FIREHOUSE.COM, Dec. 12, 2006, http://cms.firehouse.com/web/online/News/Chicago-Firefighters--Union-Leader-Clash-/46$52389); (5) the duplication of effort that defense counsel could have avoided had they made joint submissions; and (6) the amount of resources defendants devoted to this suit, which they knew was largely unfounded, this Court finds an award of one quarter of the fees defense counsel reasonably expended on the suit and none of the costs is an appropriate sanction. *Brown v. Fed'n of State Med. Bds. of the U.S.*, 830 F.2d 1429, 1439 (7th Cir. 1987) (noting that courts "should reflect upon equitable considerations in determining the amount of the sanction," including the sanctioned person's ability to pay and his legal experience and the extent to which the party requesting sanctions could have mitigated its costs), *abrogated in part on other grounds, Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 930 (7th Cir. 1989); *see Leffler v. Meer*, 936 F.2d 981, 987 (7th Cir. 1991) (noting, in the context of a section 1988 fee award, that

"there should be some proportionality between the merits of the plaintiff's claim and the hours expended by defense").

The next question is how much did the defendants reasonably spend on this case? Reasonable attorneys fees are generally calculated by the lodestar method, which requires the Court to "multiply[] the hours reasonably expended on the litigation by a reasonable hourly rate." *See Leffler*, 936 F.2d at 985 (section 1988); *S.A. Auto Lube, Inc. v. Jiffy Lube Int'l, Inc.*, 131 F.R.D. 547, 550 (N.D. Ill. 1990) (using lodestar method to determine sanctions).[1] The number of hours reasonably expended on the litigation does not include those "that are excessive, redundant, or otherwise unnecessary." *Heriaud v. Ryder Transp. Servs.*, No. 03 C 289, 2006 WL 681041, at *3 (N.D. Ill. Mar. 14, 2006) (quotation and citations omitted). Moreover, if any time entry is too vague or otherwise inadequate to allow an assessment of reasonableness, the Court may disregard it. *Harper v. City of Chi. Heights*, 223 F.3d 593, 605 (7th Cir. 2000).

Defendants International Association of Fire Fighters, and its officers Harold A. Schaitberger, Joseph Conway, Danny Todd and Louie Wright (collectively, "International") say that Thomas Woodley, Kurt Rumsfeld, Baldwin Robertson and Eric Hallstrom, who are based in Washington D.C., and Librado Arreola and Marvin Gittler, who are Chicago lawyers, reasonably spent 510.2 hours, or $112,292.50, defending them in this suit. (Int'l Resp. Court's May 12,

---

[1] The Court may then adjust the lodestar amount, if appropriate, in light of the ten factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *Hensley v. Eckerhart,* 461 U.S. 424, 434 n.9 (1983). But, as the Supreme Court has noted, most of those factors are "subsumed within the . . . calculation of hours reasonably expended at a reasonable hourly rate." *Id.*

4

2008 Order, Ex. 1, Woodley Decl. ¶ 16; *id.*, Exs. A-E, Woodley, Rumsfeld, Robertson & Hallstrom Time Records; *id.*, Ex. 2, Arreola Decl., Exs. A & B, Arreola & Gittler Time Records.)

The Court disagrees. First, all of the work done by attorney Hallstrom is duplicative of that done by other International lawyers. (*Compare id.*, Ex. 1, Woodley Decl., Ex. D, Hallstrom Time Records *with*, *id.*, Exs. A-C, Woodley, Rumsfeld & Robertson Time Records *and*, *id.*, Ex. 2, Arreola Decl., Ex. A, Arreola Time Records.) Thus, the 21.6 hours Hallstrom billed were not reasonably expended on this case.

Moreover, virtually all of the time billed by Arreola and Gittler is: (1) duplicative of other lawyers' work; (2) for administrative work that should have been done by a non-lawyer; or (3) described so vaguely that the Court cannot assess its reasonableness. The Court, therefore, deems reasonable only 14.25 of the hours billed by Arreola and none of the time billed by Gittler. (*See id.*, Ex. 2, Arreola Decl., Ex. A, Arreola Time Records (entries for 4/27/07, 5/17/07, 6/25/07, 7/26/07, 10/12/07, 10/15/07, 10/16/07, 12/11/07, 12/13/07, 1/3/08, 1/16/08, 2/26/08); *id.*, Ex. B, Gittler Time Records.)

Woodley, Rumsfeld and Robertson's billings have similar problems. They contain entries: (1) for work done before the lawsuit was filed (*id.*, Ex. 1, Woodley Decl., Ex. A, Woodley Time Records (entry for 4/10/07); *id.*, Ex. B, Rumsfeld Time Records (entries of 4/12/07, 4/13/07, 4/15/07)); (2) that are too vague to assess whether they are reasonable (*id.*, Ex. A, Woodley Time Records (entries of 4/17/07, 4/20/07, 4/24/07, 4/25/07, 5/3/07, 5/8/07, 5/18/07, 6/29/07, 7/26/07, 10/3/07, 10/16/07, 10/22/07, 11/21/07, 11/26/07, 12/31/07, 1/14/08, 1/15/08, 2/28/08, 5/14/08); *id.*, Ex. C, Robertson Time Records (entries of 5/15/07, 6/22/07,

5

6/29/07, 7/2/07, 10/1/07, 10/12/07, 10/15/07, 12/4/07, 12/10/07, 12/31/07, 1/17/08, 1/18/08, 2/8/08)); or (3) duplicative of time billed by other attorneys for the same task or billed by the same attorney for the same task on previous days (*id.*, Ex. A, Woodley Time Records (entries of 5/4/07, 5/11/07, 6/20/07, 6/25/07, 6/26/07, 7/18/07, 7/19/07, 10/30/07, 1/7/08, 2/20/08, 3/3/08); *id.*, Ex. B, Rumsfeld Time Records (entry of 4/16/07 ); *id.*, Ex. C, Robertson Time Records (entry of 9/27/07)). Consequently, these 71.1 attorney hours are not reasonable.

Even after the vague and redundant entries are deleted, however, the total number of hours International's lawyers devoted to certain tasks is still excessive. For example, preparation for and participation in the TRO hearing consumed a total of 68.95 attorney hours. (*See id.*, Ex. 1, Woodley Decl., Ex. A, Woodley Time Records (entries of 4/16/07, 4/18/07, 4/26/07, 4/27/07, 4/30/07); *id.*, Ex. B, Rumsfeld Time Records (entries of 4/17-20/07, 4/23-25/07, 4/27/07); *id.*, Ex. 2, Arreola Decl., Ex. A, Arreola Time Records (entry of 4/27/07).) Work related to International's first motion to dismiss consumed 115.2 attorney hours. (*See id.*, Ex. 1, Woodley Decl., Ex. A, Woodley Time Records (entries of 4/23/07, 5/7/07, 5/17/07, 7/5/07, 9/28/07, 10/1/07); *id.*, Ex. B, Rumsfeld Time Records (entries of 5/7/07, 5/10-12/07, 5/14/07, 5/16/07, 5/17/07, 6/29/07, 6/30/07, 7/1/07, 7/3/07, 7/4/07); *id.*, Ex. C, Robertson Time Records (entries of 5/1/07, 5/3/07, 5/4/07, 5/8-11/07, 5/14/07, 5/16-18/07, 6/26/07, 7/3-5/07).) Work related to its second motion to dismiss took 80.3 hours. (*See id.*, Ex. A, Woodley Time Records (entries of 10/29/07, 11/16/07, 11/19/07, 11/2/07, 12/17/07); *id.*, Ex. C, Robertson Time Records (entries of 10/22/07, 10/26/07, 10/30/07, 10/31/07, 11/1/07, 11/2/07, 11/5/07, 11/6/07, 11/7/07, 11/8/07, 11/9/07, 11/12/07, 11/13/07, 11/14/07, 11/15/07, 11/19/07, 11/20/07, 12/3/07, 12/18/07, 12/21/07).) Likewise, preparing the motion for sanctions and supporting materials took 125.9

6

attorney hours. (*See id.*, Ex. A, Woodley Time Records (entries of 6/7/07, 6/27/07, 6/28/07, 7/6/07, 12/26/07, 12/27/07, 1/3/08, 1/10/08, 1/23/08, 1/25/08, 2/25/08, 2/26/08, 3/1/08, 4/1/08, 5/13/08, 5/15/08, 5/19/08, 5/20/08); *id.*, Ex. C, Robertson Time Records (entries of 6/8/07, 6/11/07, 6/12/07, 6/25/07, 6/27/07, 6/28/07, 7/9-11/07, 7/16/07, 7/17/07, 7/19/07, 7/20/07, 7/23/07, 7/24/07, 8/7/07, 12/28/07, 1/1/08, 1/4/08, 1/6/08, 1/7/08, 1/9-11/08, 1/28/08, 2/7/08, 2/15/08, 2/19-26/08, 2/29/08, 3/3/08); *id.*, Ex. 2, Arreola Decl., Ex. 2, Arreola Time Records (entries of 6/25/07, 7/26/07, 1/16/08, 2/26/08).)

The work related to the TRO hearing – which lasted only a few hours and did not involve the presentation of any witnesses or evidence – could reasonably have been completed in half the time. Likewise, the work related to International's first motion to dismiss – the end result of which was two, fifteen-page briefs that fleshed out the likelihood of success arguments made in opposition to the TRO – should reasonably have taken about 40 hours. Further, because their time records suggest that there was a significant overlap in the work on these briefs, the Court discounts all of the time Rumsfeld billed to the motion, reduces to 35 the hours Robertson billed to it and reduces to 5 the hours Woodley billed to it. Similarly, the work devoted to the motion to dismiss the amended complaint, which largely reiterated the original complaint, should reasonably have taken one-third, or about 27, of the 80.3 hours billed to it. Finally, the 124 hours the lawyers devoted to sanctions – the largest amount of time they spent on any portion of this suit – was well in excess of what should reasonably have been spent. Consequently, the Court reduces by two-thirds to 41.4 hours the time billed to the sanctions motion.

After all of these reductions, the Court finds that International's lawyers reasonably spent a total of 165.3 hours – 51.1 hours by Woodley, 29.1 hours by Rumsfeld, 74.7 hours by Robertson and 10.4 hours by Arreola – defending this suit.

The next task is to determine a reasonable hourly rate for International's counsel. *Harman v. Lyphomed, Inc.*, 945 F.2d 969, 974 (7th Cir. 1991). An attorney's "actual billing rate for comparable work is presumptively appropriate to use as the market rate." *Muzikowski v. Paramount Pictures Corp.*, 477 F.3d 899, 909 (7th Cir. 2007) (quotation omitted). "Only if the court is unable to determine the attorney's true billing rate (because he maintains a contingent fee or public interest practice, for example) should the court look to the next best evidence – the rate charged by lawyers in the community of reasonably comparable skill, experience, and reputation." *Id.* at 909-10 (quotation omitted).

International says the reasonable hourly rates for its counsel are $225.00 for Woodley, $210.00 for Rumsfeld, $190.00 for Robertson and $215.00 for Arreola, and has offered evidence from local practitioners to support that request. (*See* Int'l Resp. Court's May 12, 2008 Order, Ex. 3, Hayes Decl. ¶¶ 1-6; *id.*, Ex. 4, Cotiguala Decl. ¶¶ 2-8, 15-20.) International does not, however, say that those are the rates its lawyers actually charged. In fact, the declarations supporting its sanction request are quite vague on this point. Woodley says, for example, that "[h]ourly rates of up to $400 have been paid to . . . partners of []his firm over the last several years," and thus, the $225.00 per hour he seeks for his own services is "substantially below applicable market rates." (*Id.*, Ex. 1, Woodley Decl. ¶ 6.) That may be true, but Woodley provides no substantiation – bills from other cases, fee awards by other courts, or even details

8

about who was paid what rate, by whom, for what kind of work, in which city and precisely when – to substantiate his claim.

His statements about his colleagues' hourly rates are even more ambiguous. Woodley does not say that his firm actually billed International $210.00 per hour for Rumsfeld's work. Moreover, though he identifies Rumsfeld as a firm partner, Woodley does not, as he did for himself, use rates recently garnered by other firm partners to justify Rumsfeld's hourly rate. Rather, Woodley says simply that Rumsfeld's "hourly rate in this action . . . is $210.00." (*Id.* ¶ 8.) He also says that Robertson's "hourly rate in this action is $190.00." (*Id.* ¶ 10.) Woodley does not, however, say that his firm actually billed International at that rate for Robertson's work, set forth the billing rates charged by his firm for comparable work done by comparable lawyers or provide evidence of the hourly rate charged by comparable lawyers for comparable work in Chicago.

The declaration of International's local counsel is no more forthcoming. Arreola says that he is an associate with Asher, Gittler, Greenfield & D'Alba, Ltd. and his "hourly rate in this action . . . is $215.00," which is "substantially below the applicable market rate." (*Id.*, Ex. 2, Arreola Decl. ¶¶ 2, 7; *see id.* ¶ 11.) But Arreola does not say that his firm actually billed International $215.00 per hour for his services or provide any support for his statements about the Chicago market rate.

In short, International has not established that it was actually charged the rates it seeks or explained why the actual rates it was charged are not a proper measure of reasonableness in this case. Absent that information, the Court cannot assess the propriety of awarding fees as a sanction. Thus, in lieu of fees, and in light of the equitable factors noted above, the Court orders

9

Maher and Chwarzynski, jointly and severally, to pay International the lump sum of $5,000.00 for their violations of Rule 11 and section 1927.[2]

The other defendants, Robert Tebbens, Thomas Cody, Daniel Fortuna, Thomas Ryan, David Quintavalle, Joel Burns, Peter O'Sullivan, Paul Stamper, Peter Houlihan and Mark J. McDermott, officers of Chicago Fire Department Union Local 2 (collectively "the Local"), say their counsel, Robert Sugarman and Stephen Horwitz, reasonably expended 409.5 hours defending them in this suit. (*See* Local's Mem. Supp. Sanction Order, Horwitz Aff. ¶ 6.) Though that is substantially less than International requested, the time records of Local's counsel still demonstrate redundancies and inefficiencies. Most of the time billed by Sugarman, for example, is either duplicative of that billed by Horwitz or too vaguely described to permit a reasonableness determination. The Court, therefore, deems reasonable only 11.8 hours billed by Sugarman. (*See id.*, Ex. A, Sugarman & Horwitz Time Records, RSS time entries of 4/23/07, 5/17/07, 7/3/07, 7/5/07 (entry for .5 hours), 9/27/07, 11/26/07, 11/28/07, 12/4/07, 1/23/07, 1/24/07.)

There are also problems with Horwitz's time entries. For example, 8.3 of the hours he billed are too vaguely described to assess their reasonableness, were devoted to administrative tasks that should have been handled by a non-lawyer or were duplicative of work for which he had previously billed. (*Id.,* SBH entries for 4/23/07, 5/1/07, 5/4/07, 5/24/07, 7/10/07 [entry for .5 hours], 10/08/07, 10/24/07, 1/25/08, 2/7/08, 2/14/08, 3/21/08, 3/24/08.) Moreover, he spent

---

[2]Had International established that the rates it seeks are reasonable, the sanctions imposed would have been $8,509.37 (one-fourth of $34,037.50 [$11,497.50 [51.1 hours by Woodley x $225.00] + $6111.00 [29.1 hours by Rumsfeld x $210.00] + $14,193.00 [74.7 hours by Robertson x $190.00] + $2236.00 [10.4 hours by Arreola x $215.00].)

17 hours defending his partner and himself against ARDC charges Maher filed against them or performing other work for the Local. (*Id.,* SBH entries for 5/8/07, 5/10/07, 6/20/07, 6/25/07, 6/27/07, 6/29/07, 7/10/07 [entry for 1.7 hours ].) These hours are not, therefore, reasonable.

Even after the vague and unrelated entries are deleted, however, the total number of hours the Local's lawyers devoted to certain tasks is excessive. For example, they devoted 55.9 hours to its motion to dismiss the original complaint (*id.*, SBH entries for 4/18-21/07, 4/24/07, 4/25/07, 4/28/07, 5/18/07, 5/23/07, 7/6/07, 10/1/07, 10/3/07; RSS entry for 4/23/07, 7/5/07), 134 hours to discovery (*id.*, SBH entries of 10/25/07, 10/26/07, 10/30-11/2/07, 11/7/07, 11/8/07, 11/10/07, 11/12-15/07, 11/23/07, 11/24/07, 11/28/07, 11/30/07, 12/2/07, 12/3/07, 12/5-7/07, 12/11/07, 12/13/07, 12/18-21/07, 12/27/07, 1/3/08; RSS entries of 11/26/07, 11/28/07, 12/4/07), 38.8 hours to the Local's motion to dismiss the amended complaint (*id.*, SBH entries for 10/9/07, 11/9/07, 11/12/07, 11/13/07, 11/16/07, 11/19/07, 11/20/07) and 87 hours to its request for sanctions (*id.*, SBH entries for 7/10/07, 7/11/07, 8/7/07, 8/8/07, 12/24/07, 12/26/07, 1/15/08, 1/18/08, 1/21/08, 1/22-24/08, 2/15/08, 2/21/08, 2/26/08, 2/28/08, 2/29/08, 5/13/08, 5/19-21/08; RSS entries for 7/3/07, 1/23/08, 1/24/08).

The work related to the Local's first motion to dismiss – the end result of which was a ten-page supporting brief and an eight-page reply brief – should reasonably have taken about 40 hours. Thus, the Court eliminates 16 hours billed for that work. (*Id.*, SBH entries for 4/24/07, 4/25/07, 4/28/07; RSS entry of 4/23/07). Similarly, the work related to the second motion to dismiss should reasonably have taken two-thirds, or about 26 hours, of the 38.8 hours billed for it. The discovery work involved drafting one set of interrogatories, document production requests and requests for admission, preparing certain defendant's responses to plaintiff's written

11

discovery, and taking the deposition of one, Local-affiliated, witness. Though not a trivial of work, it could reasonably have been completed in about one-third of the time billed to it. Finally, like International, the Local devoted too much time to pursuing sanctions. Consequently, the Court reduces by half to 43.5 the time billed to sanctions.

After these reductions, the Court finds that the Local reasonably spent a total of 169.6 hours (40 hours on the first motion to dismiss, 25.9 hours on the second motion to dismiss, 40.7 hours on discovery, 43.5 hours on sanctions and 19.6 hours on other tasks) defending this suit.

Next, the Court must determine a reasonable hourly rate for Local's lawyers. *Harman*, 945 F.2d at 974. In an affidavit submitted to support the sanction request, Horwitz says that his firm's actual hourly billing rates to Local 2 were $235.00 from April 16-August 31, 2007, $245.00 from September 1-December 31, 2007, and $255.00 from January 1-May 22, 2008. (Local's Mem. Supp. Sanction Order, Horwitz Aff. ¶ 7.) Because those rates are presumptively the market rate, *Muzikowski*, 477 F.3d at 909, a presumption Chwarzynski and Maher have not rebutted, the Court finds that those rates are reasonable. Therefore, the Court orders Maher and Chwarzynski, jointly and severally, to pay the Local $10,324.25 (one-fourth of $41,297.00 [$13,512.50 (57.5 hours – 37.5 motion to dismiss, 6.9 sanctions and 13.1 other – x $235.00) + $19,624.50 (80.1 hours – 2.5 motion to dismiss, 25.9 motion to dismiss amended complaint, 40.2 discovery, 5 sanctions and 6.5 other – x $245.00) + $8160.00 (32 hours – .5 discovery and 31.5 sanctions – x $255.00)] for their violations of Rule 11 and section 1927.

## **Conclusion**

For the reasons set forth above and in the Court's May 12, 2008 Order, the Court orders Chwarzynski and Maher, jointly and severally, to pay $5,000.00 to International and $10,324.25 to the Local as a sanction for their violations of Rule 11 and section 1927.

**SO ORDERED.**                                    **ENTERED: September 10, 2008**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**